FILED
2018 Mar-20  AM 09:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA HUTCHINSON LACKEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMAND |
| LA PETITE ACADEMY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

### I. JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964,"   as amended by the "Civil Rights Act of 1991,"   the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and Plaintiff's pendant state law claims. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, and 42 U.S.C. §1981, providing injunctive and other relief against race discrimination in the workplace.

## II. PARTIES

2.    Plaintiff, Sandra Hutchinson Lackey, is a female citizen of the United States and is a resident of Odenville, Alabama.

3.    Defendant, La Petite Academy, Inc. is a Corporation doing business in the State of Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and are employers within the meaning of 42 U.S.C. § 2000e(b),(g) and (h).

## III. ADMINISTRATIVE PROCEDURES

4.    Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.    Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination that occurred at La Petite Academy Inc. This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of racial harassment.

6.    On January 23, 2017, within 180 days of the last discriminatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") (attached as Exhibit A).

7.    Plaintiff's Dismissal and Notice of Rights was mailed by the EEOC to the Plaintiff on December 19, 2017, and Plaintiff filed suit within ninety (90) days of receipt of his Dismissal and Notice of Rights (attached as Exhibit B).

8.    All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV. FACTS

9.    Plaintiff hereby adopts and realleges paragraphs one (1) through eight (8) herein above as if fully set forth herein.

10.    Plaintiff, Sandra Hutchinson Lackey, began working for the above named employer on October 17, 2016, as a daycare teacher at location LPA 7358.

11.    Plaintiff was a good employee for the Defendant for until her wrongful termination on November 16, 2016.

12.   At all times relevant hereto, Plaintiff reported to her supervisor, Ms. Adams (African-American female).

13.   Under the supervision of Ms. Adams African-Amercian employees were permitted to clock in early and work even though they were not needed while Plaintiff was sent home and not allowed to work.

14.   Under the supervision of Ms. Adams, African Americans were given preferential classroom assignments even though Plaintiff was qualified for such assignments and had, in the past, worked with the older children in the classroom to which other(s) were assigned.

15.   On Plaintiff's last day of work Ms. Adams alleged there had been a complaint about Plaintiff which Plaintiff disputed.  In response Ms. Adams called Plaintiff a liar and stated she didn't "want no white honky working for [her]".

16.   Following this exchange, Plaintiff was discharged (i.e. forced to resign) by Ms. Adams.  Plaintiff's discharge occurred on November 16, 2016.

17.   Plaintiff has been discriminated against because of her race, Caucasian.

18.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, compensatory damages, punitive damages, attorney's fees, an injunction and a declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful practices unless Defendant is enjoined by the Court.

## V. STATEMENT OF PLAINTIFF'S CLAIMS

19.    Plaintiff adopts and realleges the allegations of paragraphs one (1) through eighteen (18) as if fully set forth herein.

20.    Plaintiff avers based on the facts set forth herein, that while she was employed by the Defendant, she was subjected to racial discrimination. Plaintiff brings this suit to seek redress of her rights under Title VII and 42 U.S.C. § 1981.

21.    Plaintiff avers based on the facts set forth herein, she was discriminated against in the terms and conditions of her employment and ultimately terminated by Defendant because of her race, Caucasian, and subjected to racial discrimination. Plaintiff further avers the Defendant has a habit and/or practice of discriminating against Caucasians.

22.    Plaintiff avers Defendant condoned and tolerated the discrimination. Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended, and the "Civil Rights Act of 1866," as amended, by and through 42 U.S.C. § 1981.

23.    The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is her only means of securing adequate relief.

24. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

25.    The Plaintiff has satisfied all administrative prerequisites to bring this claim.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and by the "Civil Rights Act of 1866," as amended, and 42 U.S.C . § 1981; and

b.    Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended, and the "Civil Rights Act of 1866," as amended, and 42 U.S.C. § 1981; and

c.    Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

Respectfully Submitted,
Massey, Stotser & Nichols, PC


/s Richard A. Bearden
Richard A. Bearden (ASB-0873-E41R)
*rbearden@msnattorneys.com*


Of Counsel:
**Massey, Stotser & Nichols, PC**
1780 Gadsden Highway
Birmingham, Alabama 35235
(205) 838-9000
(205) 838-9071 fax


**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**


La Petite Academy, Inc.
c/o CSC Lawyers Incorporating Service
150 S. Perry Street
Montgomery, Alabama 36104